UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-129 |
| | ) | |
| GARY OGLE | ) | |

## **MEMORANDUM AND ORDER**

On June 4, 2012, Gary Ogle was sentenced to a term of imprisonment of 10 months, followed by two years of supervised release for distribution of oxycodone within 1,000 feet of a public secondary school in violation of 21 U.S.C. § 841(a)(1). Mr. Ogle has submitted a *pro se* letter [Doc. 29] requesting that his record be "expunged or sealed" so he may have better employment opportunities to support his family. Mr. Ogle states that he has completed his terms of imprisonment and supervised release without incident.

While Mr. Ogle's reformed behavior and motivations are admirable, the Court is without jurisdiction or authority to grant his request. The Court had jurisdiction to hear and resolve the criminal charges against Mr. Ogle by virtue of 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction … of all offenses against the laws of the United States"). However, the Court's authority over Mr. Ogle and the charges against him terminated with the entry of judgment against him. *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). While there are certain limited statutory provisions allowing expungement of records, *see id.*, they do not apply to Mr. Ogle's case.

As discussed in *Lucido*, the Supreme Court has identified two forms of ancillary jurisdiction. *Id*. at 874—75 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379—80 (1994). First, a court may resolve claims that are "factually interdependent," a category which does not apply here. The facts of Mr. Ogle's conviction in 2012 and his current desire to have it expunged are not "interdependent," but in conflict. The accuracy of the fact of Mr. Ogle's conviction has not been challenged. *See Lucido*, 612 F.3d at 875 ("So long as the records of what happened in the proceedings … are accurate, it is difficult to see what business the courts have as a matter of inherent power in removing any trace of the proceedings").

Second, ancillary jurisdiction may empower a court to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 380. Expungement of a criminal record solely on equitable grounds, however, does not effectuate those purposes. *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014) ("federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations–*e.g.*, motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities").

Accordingly, for all of these reasons, Mr. Ogle's motion to expunge his records [Doc. 29] is **DENIED** for lack of jurisdiction.

IT IS SO ORDERED.

                                                                             s/ Thomas W. Phillips
                                                             SENIOR UNITED STATES DISTRICT JUDGE